UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DYLAN T. TRAVIS,

        Plaintiff,                  Case No. 1:12-cv-1373

v.                                      Honorable Janet T. Neff

PAUL BAILEY et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Dylan Travis is incarcerated by the Michigan Department of Corrections and housed at the Michigan Reformatory, though the events giving rise to his complaint occurred while he was detained at the Berrien County Jail. He sues the following individuals: Berrien County Sheriff Paul Bailey, "Paul Bailey Medical Staff," and "Paul Bailey's Dep[uties] as a whole." (Compl., docket #1, Page ID#2.)

According to Plaintiff,[1] in March 2010, while was at the Berrien County Jail, he requested treatment to remove a genital wart. The nurse at the facility offered a treatment consisting of the application of an ointment to the wart on a weekly basis. After several treatments, Plaintiff informed the nurse that the treated area felt "tender," like it was "burning." (Compl., Page ID#3; Plf's letter, docket #1-1, Page ID#8.) She told him, "it's OK[,] the [o]intment is working," (Plf's letter, docket #101, Page ID#8), so Plaintiff "p[aid] it no mind" and received another treatment. (Compl., Page ID#3). When he woke up the next day, he felt "excruciating pain" on his penis. (Plf's letter, Page ID#8.) Apparently, the ointment had burned his skin, leaving a "[p]ink area the size of a [q]uarter." (*Id.*) He went to the healthcare unit, where a nurse examined him and stated, "[W]e was putting the ointment on wrong." (Compl., Page ID#3.) Plaintiff was told that nothing could be done for him, and he was sent back to his cell, still in pain. For a time, while his skin healed, he was unable to "take showers[,] workout[,] sleep[,] etc." (*Id.*) He attempted to get help from corrections officers, but they ignored him. He sent kites to healthcare requesting treatment for

---

[1] Attached to Plaintiff's complaint is a signed letter from Plaintiff to Defendant Bailey, informing Bailey that Plaintiff will pursue a § 1983 action against him and describing the events giving rise to the action. (Plf's letter, docket #1-1.) The letter provides a more detailed account of the events at issue than the complaint; thus, the Court includes details from the letter in the summary of Plaintiff's allegations.

his burns, but he was told that he needed to fill out a "$25 form" in order to receive treatment. (*Id.*)

In the complaint, Plaintiff asserts that Defendant Bailey's staff "refused" to respond to his requests for treatment. (*Id.*) In the letter attached to the complaint, however, he states that he filled out the aforementioned form and was seen by medical staff, who told him that he needed to see a dermatologist at a local hospital to receive further treatment. (Plf's letter, Page ID#9.) Plaintiff waited to be taken to a dermatologist, but he was not able to see one because it took too long for staff to "fill out the proper writ." (*Id.*, Page ID#10.) Plaintiff further alleges that jail personnel intentionally placed him "with a bunky on two different floors," which made his "healing process and personal life a living hell." (*Id.*) Plaintiff left the facility on June 3, 2010. He was not able to meet with a doctor until later that summer.

Plaintiff claims that the foregoing conduct by the staff at the Berrien County Jail was discriminatory and constituted deliberate indifference to his medical needs in violation of the Eighth Amendment. As relief in this action, he seeks compensatory damages.

**Discussion**

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Respondeat Superior

Plaintiff fails to make specific factual allegations against Defendant Bailey, other than that certain individuals responsible for Plaintiff's custody and care at Berrien County Jail were

- 4 -

part of Bailey's staff. Defendant Bailey may not be held liable for the unconstitutional conduct of his subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff does not allege that Defendant Bailey engaged in any active unconstitutional behavior. Thus, Plaintiff fails to state a claim against him.

### B. Insufficient Allegations

The other defendants to this action are identified only as Bailey's medical staff and deputies "as a whole." (Compl., docket #1, Page ID#2.) Moreover, Plaintiff's allegations generally do not ascribe conduct to particular individuals, either because the allegations are stated in the passive form (*e.g.*, "I was sent back to my cell."), or because they refer to a group of people rather than a single person (*e.g.*, "medical staff," "healthcare"). (*Id.* at Page ID##2-3.) Such allegations are not adequate to state a claim. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state

a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where individuals are named as defendants without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00–3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90–1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). It cannot be the case that all of Bailey's medical staff and deputies were involved in the conduct alleged, much less that every staff-member at the jail was deliberately indifferent to Plaintiff's serious medical needs in violation of his Eighth Amendment rights. *See Estelle v. Gamble*, 429 U.S. 102, 103–04 (1976) (to state a cognizable Eighth Amendment claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs). Because Plaintiff's complaint fails to name or identify a specific defendant to this action other than Sheriff Bailey, and fails to describe conduct attributable to a particular defendant, it falls far short of the minimal pleading standards required to state a claim.

### C. Eighth Amendment

Moreover, to the extent that Plaintiff asserts a violation of his Eighth Amendment rights, the complaint fails to state such a claim. The Eighth Amendment obligates state officials to provide medical care to incarcerated individuals, as a failure to provide such care would be

inconsistent with contemporary standards of decency. *Estelle*, 429 U.S. at 103-04. The Eighth Amendment is violated when such an official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *id.* at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that a defendant has "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006).

Plaintiff alleges that a nurse improperly applied ointment to treat a genital wart even after he notified her that his skin felt tender. In other words, Plaintiff does not allege a complete denial of medical care; instead, he challenges the adequacy of the treatment that he received.

- 8 -

Specifically, he challenges a nurse's medical judgment that further treatment was appropriate despite his symptoms. Under the logic of the aforementioned cases, such allegations may state a claim for negligence or medical malpractice, but they do not state a claim for deliberate indifference. *See Westlake*, 537 F.2d at 860 n.5.

Plaintiff also claims that jail officials did not provide treatment for his burns, though he acknowledges that he was seen by medical staff, who told him that he needed to see a dermatologist at a hospital to receive further treatment. To the extent that Plaintiff complains about a failure to send him for treatment by a dermatologist, he alleges no harm as a result of the delay in receiving that treatment. Furthermore, to the extent that he complains about a failure to provide immediate treatment to alleviate his pain, he does not identify a particular official who was aware of, or deliberately indifferent to, that pain. Thus, the foregoing allegations also fail to state an Eighth Amendment claim.

Plaintiff further claims that the conditions of his confinement made his healing process unnecessarily painful, and that unidentified officials intentionally altered those conditions to make them more intolerable. However, Plaintiff makes no allegations identifying any conduct by a particular official with respect to his cell conditions. His assertion that officials intentionally altered his conditions to subject him to further pain is wholly unsupported.

### D. Equal Protection

Plaintiff also claims that he was subjected to unlawful discrimination. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v.*

*Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff's complaint provides no facts from which to infer that he was treated differently from similarly-situated individuals. His allegation of discrimination is wholly conclusory. Thus, he fails to state an equal protection claim.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: __May 3, 2013__   /s/ Janet T. Neff
                         Janet T. Neff
                         United States District Judge